UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY C J DAVID,

            Plaintiff,

v.

DAVID W SMITH, et al.,

            Defendants.

CASE NO. C19-898 MJP

ORDER DENYING PLAINTIFF'S MOTION TO REMAND;

GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court on Defendants' Motion to Dismiss or Alternatively for a More Definite Statement (Dkt. No. 6) and on Plaintiff's Motion to Remand (Dkt. No. 7). Having reviewed the Motions, the Responses (Dkt. Nos. 9, 12), the Replies (Dkt. Nos. 14, 15), and all related papers, the Court GRANTS Defendants' Motion to Dismiss and DENIES Plaintiff's Motion to Remand.

**Background**

This case arises from Plaintiff's contention that 30 to 40 years ago his father-in-law stole his pension, with the missing funds now controlled by other members of the family. Beginning

when he was a teenager in 1967, Plaintiff, Gary C. J. David, worked for Northern Merchandise Company (NMC) and contributed to and participated in the retirement plan offered by NMC. (Dkt. No. 1 ("Compl."), Ex. 1 at 4-5.) In 1970, he married his wife, Patti, the daughter of Wesley Smith and Defendant Eileen Smith, and the sister of Defendant David Smith, who is married to Defendant Ellen Smith. (Compl. ¶ 8.) Plaintiff's father-in-law, Wesley Smith, purchased NMC in 1971. (Id. ¶ 9.) In 1981 NMC was sold to a national company called Mass Merchandisers Inc. (MMI). (Id. ¶ 12; Ex. 1.) Plaintiff left the company in 1985. (Id. ¶ 13.) Wesley Smith died in 1993. (Id. ¶ 16.)

Sometime around 2014, Wesley Smith's widow, Defendant Eileen Smith, granted power of attorney to Defendants, David and Ellen Smith, Plaintiff's brother-in-law and sister-in-law. (Id.) In December 2018, Eileen Smith moved to an assisted living facility near her son and daughter-in-law in Montana and sold her house in Washington. (Dkt. No. 12 at 5; Dkt. No. 13 Declaration of David Smith ("D. Smith Decl.") at ¶¶ 3-6.)

On July 17, 2014, Plaintiff turned 65 and received a letter from the IRS alerting him that he "MAY be entitled to some retirement benefits from a private employer." (Compl. ¶17; Ex. 2 (emphasis in the original).) Based on this letter, Plaintiff began an extensive search for his pension, contacting various agencies and, in December 2017, travelling to the MMI corporate headquarters in Arkansas. (Id. ¶¶ 17-19.) Plaintiff asserts that this trip helped him "put together what [he] was already figuring out – that Wesley C. Smith misappropriated [his] missing Retirement Plan." (Id. ¶ 19.) Plaintiff also approached David and Ellen Smith many times "for assistance" locating his pension, hoping they "could help source information from Eileen's accounts that might help [him] find [his] Retirement information." (Id. ¶ 20.) But Plaintiff alleges they had "no intention of helping." (Id.)

On May 8, 2019, Plaintiff filed this action in King County Superior Court, bringing claims for conversion and fraud against Eileen, David, and Ellen Smith. (Id. ¶¶ 37-38; Dkt. No. 9 at 11.) Defendants then removed the action to this Court based on diversity of citizenship between the parties. (Dkt. No. 1.) Plaintiff now seeks to remand this action and Defendants have filed a Motion to Dismiss.

**Discussion**

**I.     Plaintiff's Motion to Remand**

Plaintiff seeks to remand this case, claiming that Defendant Eileen Smith is a citizen of Washington, not Montana where she currently lives. (Dkt. No. 7 at 3.) 28 U.S.C. § 1332(a) vests the district courts with original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between diverse parties. A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. Id. at 567; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir.1996).

Because there is no dispute that the amount in controversy exceeds $75,000 (see Compl. at ¶ 37), nor whether there is diversity of citizenship between Plaintiff and Defendants David and Ellen Smith (Id. at ¶¶ 5-6), the only issue before the Court with respect to the remand motion is whether Defendant Eileen Smith is a citizen of Montana.

To establish state citizenship for the purpose of diversity jurisdiction, a person must (1) be a United States citizen, and (2) be domiciled in a State. Lew v. Moss, 797 F.2d 747, 749 (9th Cir.1986). Plaintiff challenges whether Montana is Defendant Eileen Smith's domicile, which is determined by evaluating such factors as current residence, location of personal and real property, and location of family. Id. at 750. The Parties appear to agree on the relevant facts: Eileen Smith lives in Montana, her house in Washington was sold, and she now lives near her care-givers who hold her power of attorney. (Dkt. No. 7 at 4-5; Dkt. No. 15 at 7.) Plaintiff has not contradicted Defendants' assertion that Eileen Smith has no intention to move back to Washington, other than his claims that she is "very unhappy living in Montana." (Id. at 4.) Because the record demonstrates Eileen Smith's domicile is in Montana, Plaintiff's Motion to Remand is DENIED.

**II.     Defendants' Motion to Dismiss**

**A. Legal Standard**

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party and accept all well-pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where, as here, a

plaintiff appears pro se, the Court must construe his pleadings liberally and afford the plaintiff the benefit of the doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

**B. Statute of Limitations**

Plaintiff's claims are barred by the statute of limitations, which is three years for both conversion and fraud. RCW 4.16.080(2), (4); Hudson v. Condon, 101 Wn. App. 866, 873 (2000). In many instances an action accrues "immediately when the wrongful act occurs, but in some circumstances where the plaintiff is unaware of harm sustained, a 'literal application of the statute of limitations' could 'result in grave injustice.'" 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn. 2d 566, 575 (2006), as corrected (Nov. 15, 2006) (quoting Gazija v. Nicholas Jerns Co., 86 Wn.2d 215, 220 (1975)). To avoid this injustice, courts have applied a discovery rule of accrual, under which the cause of action accrues when the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of the cause of action. Vertecs Corp., 158 Wn. 2d at 575-76. This does not mean that the action accrues when the plaintiff learns that he or she has a legal cause of action; rather, the action accrues when the plaintiff discovers the salient facts underlying the elements of the cause of action. Id. at 576.

In this case, even with the aid of the discovery rule, Plaintiff's claims are untimely. First, because Plaintiff "participated in and contributed to the Retirement plan" while working for NMC from 1967 through 1985 and was therefore aware he had some form of retirement savings, the exercise of due diligence required Plaintiff to check the status of his retirement fund, including the status of any possible pension, when he left the company in 1985, if not earlier. (Compl. ¶ 8.) But even if the Court were to apply the discovery rule and toll the date Plaintiff's claims accrued by finding that Plaintiff first learned of his missing pension when he received a

letter from the IRS in 2014, he knew or should have known of his claims nearly five years before he filed his complaint in May 2019. (Dkt. No. 1, Ex. 1; Dkt. No. 9 at 11.)

Plaintiff has provided no basis for the Court to further toll his claims based on a decades-old injury. While Plaintiff contends that it was not until 2017 that he realized that "Wesley Smith stole [his] pension," he fails to explain why he waited another two years to file this action. (Dkt. No. 9 at 5.) According to Plaintiff, he ultimately learned the facts of his claim by performing an investigation that was entirely within his control: contacting "many organizations," driving to Arkansas to speak with past management of MMI, and viewing records of the parent company. (Dkt. No. 9 at 6.) Because Plaintiff has not demonstrated diligence in pursuing his claims, or that he was not at fault for the delay, his claims are barred.

**Conclusion**

For the reasons stated herein, Plaintiff's Motion to Remand is DENIED and Defendants' Motion to Dismiss is GRANTED. Plaintiff's claims are hereby dismissed.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 15, 2019.

Marsha J. Pechman
United States District Judge